Almy *et al.* agt. Thurber *et al.*

The objection that the judgment cannot be enforced against Jung personally, and that the execution was improperly issued against his property, cannot properly be heard in this proceeding. The objection may be ground for moving to correct the judgment or to set aside the execution.

As the question may arise in these proceedings, however, as to the right of the creditor to examine the judgment debtor as to his individual property, and to have it applied to the payment of the judgment, it is proper to decide that question. The decree ordered the assignee to pay the creditors the sums awarded to them out of the balance of $14,000.63 remaining in his hands. Upon the sheriff attempting to collect the sum awarded to May upon his execution, no money or property was found. If the assignee had appropriated the funds in his hands to his own purposes subsequently to the judgment, he must make it good to the creditors out of his own property. It will not be sufficient for him to answer that he has no funds of the estate after he has been adjudged to have funds for the distribution decreed. The judgment is not entered against him for a debt due from the assignors, but for his own debt, and his own property can be reached in this proceeding.

The order appealed from should be reversed, with ten dollars costs and the disbursements of the appeal.

---

## N. Y. COMMON PLEAS.

HARVEY S. ALMY *et al.* agt. HORACE K. THURBER *et al.*

*Attachment — Certificate under — Effect of — Estoppel — Doctrine of, applies only to voluntary representations, declarations, admissions and acts — Code of Civil Procedure, secs.* 650, 651, 655, 677.

Where an attachment against a non-resident debtor is served upon a third party, who, upon demand, gives a certificate as to property or moneys in his hands belonging to the debtor, such third party is not estopped from showing, in an action brought against him on the faith of such statement, that he was honestly mistaken in making it.

The doctrine of estoppel applies only to voluntary representations, decla-rations, admissions and acts, and has not been extended to declarations exacted by statute.

*General Term, March,* 1883.

APPEAL by plaintiffs from an order of this court, entered upon a verdict in their favor for $120.95, with costs, and from an order denying plaintiffs' motion for a new trial. The action was brought by Almy & Co., joined with Bowe, sheriff of the city and county of New York, as plaintiffs, pursuant to section 677 of the Code of Civil Procedure, to recover from H. K. & F. B. Thurber & Co., property in their possession attached by the sheriff in an action by his co-plaintiffs against John Gourard & Co., of Curacoa. The attachment against the latter, as non-residents, was served upon the said defend-ants Thurber & Co., on May 10, 1881, and a certificate as to property or moneys in their hands belonging to the debtors, J. Gourard & Co., was demanded from them pursuant to section 650 of the Code. On May 28, 1881, they delivered to the sheriff the following statement:

NEW YORK, *May* 28, 1881.

Messrs. JOHN GOURARD & Co., Curacoa, to H. K. & F. B. THURBER & Co., Dr., importers and wholsale grocers, West Broadway, Read and Hudson streets, P. O. box 3895 :

| | | |
|---|---:|---:|
| Cr., April 16, by cash | | $2,003 63 |
| Dr., May 10, to cash | $0 20 | |
| Dr., May 13, to mdse | 1,882 48 | |
| | | 1,882 68 |
| | | $120 95 |

(Signed).     H. K. & F. B. THURBER & CO.

This action was brought to recover $2,003.63, as the cash certified to be on hand to the credit of the debtors, John Gourard & Co., on May 10, 1881, when the attachment was levied. It was shown on the trial that on May 10, 1881, there

was but $120.95 in the hands of defendants Thurber & Co. to the credit of the debtors J. Gourard & Co., the merchandise charged at $1,882.48, having been sold and delivered to the debtors by defendants, sometime prior to that date. The plaintiffs claimed that defendants were estopped from showing those facts by their statement delivered to the sheriff in which the merchandise was charged on May 13, 1881, because, on receipt of such statement, the sheriff relying thereon, made no further effort to find property subject to the attachment. The defendants contended that the statement alleged a balance of $120.95, only to be subject to the attachment. The court left it to the jury to say if the certificate was given for the purpose of certifying they had $120.95 in their hands at the time of the levy. The jury found for the plaintiffs $120.95, and plaintiffs appealed.

J. F. DALY, *J.* — It was shown by evidence that there was an error in the statement delivered to the sheriff by defendants, by which it appeared that the charge for merchandise in their favor against the defendants in the attachment accrued after the levy; whereas, in fact, such charge accrued long prior to the levy, and that at the date of levy, May 10, 1881, there was but $120.95 due John Gourard & Co., the defendants in the attachment, from these defendants. Defendants were not estopped from showing such error in an action brought on the faith of their statement. The certificate required of a person who has property of the attachment debtor, or is indebted to him by section 650, is evidently intended as the basis of an action under sections 655 and 677 against such person by the sheriff or the plaintiff in the attachment. By section 651 it is provided that if such person refuses to give the certificate, or gives a false or insufficient certificate, he may be required to submit to an examination under oath concerning the same. A certificate voluntarily given is of no higher character than a statement under oath made upon such an examination, yet it would not be claimed

that a person so examined, if mistaken in his testimony could not correct it or show the truth when subsequently sued upon it. The object of the certificate or examination is apparent from the statute; it is to be used as evidence only; and the sheriff and plaintiff are not justified in using it for any other purpose, *e. g.*, as a representation of fact upon which they may rely in omitting to secure the demand in suit. The certificate or examination will be *prima facie* evidence against the party giving it in an action by the sheriff or the attaching creditor, but is no more conclusive than is an examination of a party in anticipation of an action under section 870 of the Code. The doctrine of estoppel applies only to voluntary representations, declarations, admissions and acts, and has not been extended, so far as I can discover, to declarations exacted by statute. A party certifying or testifying under stress of the law has not the option of speaking or holding his tongue; he is required to give testimony, and is to be indulged, therefore, as any other witness, and allowed to correct honest mistakes in his testimony when confronted with it.

The judgment should be affirmed, with costs.